## Brink's Chicago City Express Company v. Anna Brophy.

### Gen. No. 13,461.

1. VERDICT—*when not disturbed as against the evidence.*  A verdict will not be disturbed on the ground that it is against the weight of the evidence unless it is manifestly so.

2. EXPRESS COMPANY—*when refusal of consignee to sign receipt proper.*  A consignee may properly refuse to sign a receipt when less than the whole number of articles called for by the receipt are delivered or tendered for delivery.

3. ASSAULT AND BATTERY—*when corporation liable for.*  A corporation is liable for an assault and battery committed by one of its servants where the servant at the time of committing such assault and battery was acting in an effort to carry out the orders of the corporation.

Action in case for personal injuries.  Error to the Municipal Court of Chicago; the Hon. F. K. BLAKE, Judge, presiding.  Heard in this court at the March term, 1907.  Affirmed.  Opinion filed October 3, 1907.

JAMES A. BRADY, for plaintiff in error.

ELA, GROVER & GRAVES, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The defendant in error was plaintiff and the plaintiff in error defendant in the trial court, and will be so referred to in this opinion.

The claim of the plaintiff is for injury to her person, alleged to have been caused by the negligence of the defendant, acting by its agent.

April 26, 1906, the plaintiff went to defendant's office, in the city of Chicago, and left with defendant an order to call at the store of Rothschild & Co., in said city, for a chair and wheel and deliver the same at her residence, 209 Park avenue, Chicago, and paid, in advance, for the delivery, fifty cents. In the afternoon of the next day, between 4 and 6 o'clock, George Van Lent, a driver in defendant's employ, accompanied by two boys, John Sullivan and Patrick Burke, the former between 16 and 17 years of age and the latter between 12 and 13 years of age, drove defendant's wagon to plaintiff's residence with the chair and wheel in question, but without the cushion of the chair. When they arrived at plaintiff's residence the boy Sullivan was left in charge of the wagon and team, and Van Lent and Burke, the former carrying the wheel and the latter the chair, went up stairs and set them down in the hall near the plaintiff's door, when the plaintiff came out, and Van Lent asked her to sign her name in the delivery book, when she asked where the cushion was, and Van Lent told her that he hadn't the cushion, that there were only two pieces, and that was all she had to sign for, and that, when he returned to the barn he would look up the cushion and would deliver it next day; but she refused to sign without the delivery of the cushion. The plaintiff testified as follows:

"I says, 'go back and get the other goods and I will sign the book.' He said, 'I won't go back.' In the meantime I took the chair—it was an office chair—and I set it inside of my hall, and I was standing at my door, and I took the foot wheel, and he grabbed at me after taking the foot wheel. I said, 'The foot wheel is my goods, paid for,' I did not see what he wanted them for. He says, 'I cannot let them go, my order from the Brink's Express Company is I either have to have the goods or the book signed.' I says, 'I can only sign for the two articles, I cannot sign it for the whole of them, you have not brought them here. Get the cush-

ion and come back and I will sign the book.' He whirled around and pushed the book in my face, and he said, 'You sign that book' as loud as he could. I says, 'You get out of here, you scoundrel,' and I would not sign the book, and I was standing by the chair with my hand this way, my hand on this chair, * * * and he swung this chair around and it was on that corner my hand was, and at that he gave me one and knocked me down on the chair, and he seized the foot wheel and ran away with it, he and the boy."

The entry in the delivery book, which plaintiff was requested to sign, was as follows: "Article, chair and cast'g. Where from, Rothschild. No. 209, street, Park Ave."

Plaintiff further testified that after Van Lent took the wheel down to the wagon, she went down and said to him, "See, you broke my hand." The next afternoon Van Lent brought to plaintiff's residence the wheel and chair cushion, but plaintiff, for some reason which does not appear, did not receive them, but the next Saturday he again brought them, and a Mr. Turner, plaintiff's son-in-law, received and receipted for the articles.

On cross-examination plaintiff testified that Van Lent struck her with his right hand; that her left hand was on the chair, which was sharp, when he struck her, and she tumbled and fell on the chair, and in falling struck her head against the wall. The testimony of the plaintiff, her daughter and the physician who was called to attend her the next day after the occurrence related, tends to prove that her hand was seriously injured.

Van Lent testified that plaintiff took hold of the casting (the wheel) with her right hand, and he simply took it away from her, telling her that if she would not sign the book, he would have to take the goods back, and that he took the casting away by giving it a little pull, and that he did not touch the plaintiff, nor did she fall. Patrick Burke, the boy who was with Van Lent in the hall, testified in his examination in chief, that he did not see Van Lent touch the plaintiff, and that he was with him all the time; that Van

Lent had no struggle with plaintiff, except when he took the casting away, and did not then touch her. On his cross-examination the following occurred:

"Q. Van Lent might have made some move you could not see?

A. No, sir, I was on this side.

Q. You would not say he did not do anything else?

A. No, sir."

The plaintiff testified that the boy did not look up at any time while she stood at the door.

Counsel for defendant contend (1) that the weight of the evidence is to the effect that Van Lent did not strike the plaintiff; (2) that he had the right to require a receipt, which, if refused, he had the right to retake the goods, using such force as was reasonably necessary; (3) that, if he did strike the plaintiff, he was not acting within the scope of his employment; and (4) that the court erred in excluding competent evidence.

The case was tried by the court, without a jury, and unless the court's finding is manifestly against the evidence it should not be set aside on the ground that it is contrary to the evidence.

That the plaintiff's hand was seriously injured at the time in question is not controverted, and it is not reasonable to suppose that she, herself, injured it, notwithstanding General Butler is reported to have said there was no doubt that Whitaker bit off his own ear.

It appears from the evidence of Van Lent that after he and Burke went down stairs to the wagon, the plaintiff came down and told him that he had hurt her arm, and Burke testified that she came down and showed her hand and said her wrist was broken. In the conflict of the evidence as to whether Van Lent struck the plaintiff, it was a question for the court which evidence was the more credible, and we cannot say that the court erred in holding the plaintiff's evidence the more credible, or that the finding is contrary to the evidence. It is sufficient to say, in regard to the second

proposition of defendant's counsel, that even though it should be conceded that defendant could legally have refused to deliver the goods without a proper receipt therefor, or, on refusal to give such receipt, have removed them from plaintiff's residence, in respect to which it is unnecessary to express an opinion, the striking plaintiff, a woman of 58 years of age, was wholly unnecessary and it is not even claimed to have been necessary.

Defendant's counsel assumes in his argument that the defendant was entitled to have the receipt shown to the plaintiff signed by her, which we think at least questionable. The cushion was delivered to the defendant by Rothschild & Co. as belonging to and a part of the chair, and defendant took it to its barn with the chair and wheel, as appears by the evidence. Defendant also, in and by the receipt which the plaintiff was asked to sign, treated the cushion as belonging to and a part of the chair. The receipt given to the plaintiff for 50 cents, which she paid in advance to have the articles delivered, describes the articles thus: "Article, chair and wheel." In the so-called receipt in the delivery book, which Van Lent insisted on plaintiff signing, the articles are thus described: "Article, chair & cast'g." No mention is made of the cushion in either receipt. The defendant made no charge for the delivery of the cushion as a separate article, and if plaintiff had signed the entry in the delivery book, it might be plausibly claimed that defendant had delivered all it had agreed to deliver.

We are inclined to the view that the plaintiff was right in refusing to sign the receipt in the absence of the cushion. The contention that Van Lent, when he struck the plaintiff, was not acting within the scope of his employment, hardly merits serious consideration. Van Lent, himself, testified that he was not allowed to leave any goods unless he got a receipt, and also that he was trying to take the wheel away from plaintiff because she would not sign a receipt, and the entry or receipt in the delivery book is also evidence of his order from defendant to take a receipt. He was actually engaged in attempting to carry out defendant's orders, when,

as plaintiff testified and the court found, he struck the plaintiff. The fact that, in carrying out defendant's orders, it was unnecessary to strike the plaintiff cannot avail defendant as a defense. Ill. Cen. R. R. Co. v. King, 77 Ill. App., 581, 588-9; affirmed in 179 Ill., p. 91; C. C'y Ry. Co. v. McMahon, 103 Ill., 485; C., M. & St. P. Ry. Co. v. West, 125 *ib.*, 320; N. Chicago C'y Ry. Co. v. Gastka, 128 *ib.*, 613; W. C. St. R. R. Co. v. Luleich, 85 Ill. App., 643.

We find no reversible error in the court's rulings on evidence. It is assigned as error, but not argued by defendant's counsel, that the damages are excessive. The assignment not being argued, it must be deemed waived.

The judgment will be affirmed.

*Affirmed.*